NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REFINED RECOMMENDATION CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>NETFLIX, INC.,<br><br>　　　　Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 07-CV-04981 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

　　　　This matter comes before the Court upon motion by Defendant Netflix, Inc. ("Defendant") to transfer venue pursuant to 28 U.S.C. §1404 from the United States District Court for the District of New Jersey ("D.N.J.") to the United States District Court for the Northern District of California ("N.D. Cal.") and Plaintiff Refined Recommendation Corporation's ("Plaintiff") cross-motion to transfer venue to the United States District Court for the Central District of California ("C.D. Cal."). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the Parties, and based upon the following, it is the finding of this Court that Defendant's motion to transfer venue pursuant to 28 U.S.C. §1404 to the N.D. Cal. is **granted**; and Plaintiff's cross-motion to transfer venue to the C.D.Cal. is **denied**.

**I.     BACKGROUND**[1]

Plaintiff owns U.S. Patent No. 6,606,102, entitled Optimizing Interest Potential ("Patent"). (Compl. ¶ 10.)  The Patent relates to a method for accommodating user interests from content available in an information-rich environment producing recommendations for future user selections. (Compl. ¶ 10.)  Plaintiff asserts that Defendant provides an online movie rental service which implements a recommendation feature in a manner that infringes the Patent.

Plaintiff brought suit against Defendant alleging Patent infringement.  Defendant filed this motion to transfer venue to the N.D. Cal. pursuant to 28 U.S.C. §1404(a), arguing improper venue in the D.N.J.   Pursuant to L.CIV.R. 7.1, Defendant filed a cross-motion to transfer venue to the C.D. Cal.

Plaintiff is incorporated in Delaware and its principle place of business is located in Newport Beach, California.  (Compl. ¶ 1.)  Plaintiff is a wholly-owned subsidiary of Acacia Research Corporation ("Acacia").  Acacia is incorporated in Delaware and its principle place of business is located in Newport Beach, California.  Newport Beach, California is located within the C.D. Cal.

Defendant is an online movie rental service.  Defendant is incorporated in Delaware and its headquarters are located in Los Gatos, California.  Defendant was designed and developed in California.  All of the Defendant servers, processors, databases and other resources used in the operation of the service are located in Los Gatos, California.  Defendant's employees responsible for sales and marketing decisions related to its services are also located in Los Gatos, California.  Los Gatos, California is located within the N D. Cal.

---

[1] The facts set forth in this Opinion are taken from the undisputed facts set forth in the Parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. §1404 (a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404 (a).  Venue is proper when the requirements set forth in 28 U.S.C. §1391 are satisfied.  When a defendant is a corporation:

> the corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C.§1391(c) (2008).

The Court has broad discretion in deciding whether transfer is warranted and must consider both the public and private interests of the parties. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973).  Although 28 U.S.C. § 1404 expressly includes three factors, the Court may also consider other factors. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978). The public factors to be considered include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora from court congestion; (4) the local interest in deciding controversies; (5) the public policies of the fora; and (6) in diversity cases, the familiarity of the trial judge with the applicable state law. See id. at 879-80. The private factors are: (1) plaintiff's original choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records

to the extent that the files cannot be produced in the alternative forum. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Generally, a plaintiff's choice of forum is accorded great weight. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). Deference to the plaintiff's selected forum may be overcome, however, "if the private and public interest factors clearly point toward trial in an alternative forum." Id.

The presumption favoring a plaintiff's choice of forum is not dispositive of the motion. See Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D. N.J. 1998). Plaintiffs' choice of forum is given less weight when transferring venue would result in only negligible inconvenience to the plaintiff. See Oudes v. Block, 516 F. Supp. 13, 14 (D. D.C. 1981). Additionally, a plaintiff's choice is afforded less deference when their choice of forum "has little connection with the operative facts of the lawsuit." Tischio, 16 F. Supp. 2d at 521; see also Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D. N.J. 1990).

28 U.S.C. § 1404 does more than codify the doctrine of *forum non conveniens*; § 1404 permits transfer upon a lesser showing of inconvenience than is required under common law doctrine and it allows the District Court to exercise broader discretion in transferring the case under the statute than would be permitted under forum non conveniens. See Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F. Supp. 247 (S.D.N.Y. 1974). 28 U.S.C. § 1404 is similar to the common law doctrine of forum non conveniens, but it authorizes transfers within the federal court system with a lesser burden, both substantially and procedurally, than a motion to dismiss. See Reyno v. Piper Aircraft Co., 630 F.2d 149 (3d Cir. 1980), rev'd on other grounds, 454 U.S. 235 (1981). 28 U.S.C. § 1404(a) is intended to enlarge common law power under the doctrine of forum non conveniens; this section allows courts to grant transfers upon a lesser showing of inconvenience than is required at common law. See De Lay & Daniels, Inc. v. Allen M. Campbell Co., General Contractors, Inc., 71 F.R.D. 368 (D. S.C. 1976).

4

Questions concerning whether transfer of venue should be granted under 28 U.S.C. § 1404(a) depend upon the particular circumstances of each case. See Sell v. Greyhound Corp., 228 F. Supp. 134 (E.D. Pa. 1964); Mills v. Colgate-Palmolive Co., 232 F. Supp. 577 (S.D.N.Y. 1964). Variables render every motion to transfer unique. See Secs. & Exch. Com. v. Golconda Mining Co., 246 F. Supp. 54 (S.D.N.Y. 1965). Although 28 U.S.C. § 1404(a) mentions only three factors to consider in determining whether to grant or deny a motion to transfer, the Court is not limited to those rather broad generalities, but may consider other factors which are subsumed by purpose of statute. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978).

### III.   DISCUSSION

#### A.   Improper Venue

Plaintiff's selection of forum is improper and fails to satisfy the requirements of 28 U.S.C. §1391(c). Pursuant to 28 U.S.C. §1391(c), venue is proper in a district in which the defendant is subject to personal jurisdiction at the time the action is commenced. In a state with more than one district, such as California, a defendant corporation shall be deemed to reside in any district of that State in which Defendant has sufficient contacts to subject it to personal jurisdiction in that district as though it was a separate State. See 28 U.S.C. §1391(c).

In the current case, Defendant provides its movie rental services in all fifty states. New Jersey accounts for only three-percent of all Defendant's customers and only three-percent of Defendant's revenues. California, however, accounts for over seventeen-percent of Defendant's customers and eighteen-percent of Defendant's revenue. Further, Defendant's principal place of business is located in Los Gatos, California. Los Gatos, California is located in the N.D. Cal. Thus, pursuant to 28 U.S.C. §1391(c), venue for Defendant is proper in the N.D. Cal.

#### B.   Transfer of Venue

Plaintiff argues that the infringing activity occurred in the C.D. of Cal. where Defendant has customers who utilize its service and receive online recommendations in a manner that infringes the

Patent. Second, Plaintiff contends that the preferred forum for patent cases should be the "center of gravity" of the activity. Plaintiff argues that their choice of forum should be "accorded great weight" and should not be "lightly disturbed" unless the balance of factors weighs strongly in favor of granting a transfer of venue. Third, Plaintiff contends that the location of the documents and other relevant sources of proof in the C.D. Cal. are not a compelling consideration since records can be easily transported. Further, Plaintiff asserts that many of the records and documents have since been electronically filed. Thus, transfer to the C.D. Cal. affords the Defendant no inconvenience since many documents are electronically filed and can be easily shipped from the N.D. Cal. Fourth, Plaintiff argues that a transfer of venue to the N.D. Cal. would shift the burden of inconvenience from Defendant to Plaintiff. Plaintiff argues that, although Defendant's witnesses are located in the N.D. Cal., that alone is not persuasive. Plaintiff argues that business travel is common and transfer to the C.D. Cal. would not be an inconvenience given the ease of travel between the N.D. Cal. and C.D. Cal. Fifth, Plaintiff asserts that transfer to the C.D. Cal. should be granted because the C.D. Cal. handles a larger volume of intellectual property cases in comparison to the N.D. Cal. Further, Plaintiff cites to the Judicial Caseload Profile Report which indicates that the median time from filing to disposition of a case in the C.D. Cal. was faster, notwithstanding the higher caseload.

Conversely, Defendants argue that this matter should be transferred to the N.D. Cal. First, Defendants assert that, as a general rule, patent infringement cases should be litigated in the forum that represents the "center of gravity" of the accused activity. To determine the "center of gravity," the Court should consider the location of the product's development, testing, research, production and marketing and sales decisions. Second, the Defendants argue that the ease of accessing the relevant source of proof, consisting of the design, development and production of Patent, is in the N.D. Cal. Additionally, Defendants argue that all of the witnesses and documents concerning the design, key witnesses and information from Stanford University, as well as other witnesses with information from a prior LikeMinds product all are located in the N.D. Cal. Third, Defendants assert that the N.D. Cal. is most interested in this controversy, as it is the locus of much of the accused conduct. Thus,


Defendant's argue this case should be transferred to the N.D. Cal. because all of the above actions occurred in the N.D. Cal.

### 1. Private Factors

The first private factor to consider is where the claim arose. Plaintiff claims that Defendant's online movie rental service implements a feature that infringes on Plaintiff's Patent. In patent infringement cases, "as a general rule, the preferred forum is that which is the center of gravity of the accused activity." Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 482 (D.N.J. 1993). To determine the "center of gravity," consideration must be offered to the location of the product's development, testing, research and production, as well as where marketing decisions are made, "rather than where limited sales activity has occurred." Id. All of Defendant's servers, processors, databases and employees with responsibility for sales and marketing decisions are located in Los Gatos, California. Therefore, venue is transferred to the N.D. Cal.

The second factor to consider is Plaintiff's choice of forum. Plaintiff first filed this lawsuit in the D.N.J., a forum where only limited sales occurred. Plaintiff argues that their choice of forum should be accorded great weight, and additionally, that this case should be transferred to the C.D. Cal. The United States Court of Appeals for the Third Circuit has repeatedly held that a plaintiff's choice of forum is a "paramount concern" in deciding a motion to transfer venue. See Sandvok, Inc. v. Con'l Ins. Co., 724 F. Supp. 303, 307 (D N.J. 1989). In this case, however, Plaintiff's choice warrants less deference. Plaintiff sought a transfer to the C.D. Cal. only after Defendant filed motion to transfer venue to the N.D. Cal. If this action is transferred to the N.D. Cal., it will not result in any inconvenience to Plaintiff. Further, the operative facts of this lawsuit have a large connection to the N.D. Cal. For these reasons, Plaintiff's choice merits less deference.

The remaining private factors are not at issue. As Plaintiff points out in its brief, the distance between the N.D. Cal. and the C.D. Cal. is minimal and travel between the districts is common. The convenience of the Parties and witnesses and the access to proof will not be significantly impacted

regardless of whether this matter is litigated in the N.D. Cal. or the C.D. Cal.

        2.        Public Factors

Regarding the public factors, this Court must first consider the enforceability of a judgment entered in this case. This factor favors transferring venue to the N.D. Cal. because it would be easier for Plaintiff to enforce its judgment in the N.D. Cal. because that is where the product's development. testing, research and production occurred. Additionally, all of Defendant's servers, databases and employees are located in the N.D. Cal. Thus, the N.D. Cal. would be the better forum to enforce the Court's judgment.

Second, the Court must consider the relative administrative difficulty in the two fora from court congestion. Plaintiff argues that the median time from filing to disposition of a case in the C.D. Cal. is faster than in the N.D. Cal. The mentioned difference, however, between 7.2 months in comparison to 7.4 months is inconsequential.

Third, the Court must consider the local interest in deciding controversies. California has a strong public interest in this matter. As part of its power to protect the public, California has the authority to establish standards for regulating patents.

For these reasons, there is little doubt that the venue in this action is proper in California and specifically in the N.D. Cal. There is similarly little doubt that Defendant has met its burden that a transfer to that forum would serve the interests of justice. Therefore, is it the finding of this Court that Defendant's motion to transfer venue to the N.D. Cal. is **granted**.

**IV.     CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendant's motion to transfer venue pursuant to 28 U.S.C. §1404(a) to the N.D. Cal. is **granted**; and Plaintiff's cross-motion to transfer venue to the C.D.Cal. is **denied**.  An appropriate Order accompanies this Opinion.

<div style="text-align: right;">S/ Dennis M. Cavanaugh<br>Dennis M. Cavanaugh, U.S.D.J.</div>

Date:       February   14   , 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

9